[Civ. No. 8711.   Third Dist.   Feb. 28, 1956.]

O. K. KENDALL, Respondent, v. J. F. SHARP
et al., Appellants.

Barr & Hammond for Appellants.

Tebbe & Correia for Respondent.

SCHOTTKY, J.—Defendants have appealed from a judgment awarding plaintiff damages sustained as a result of the depreciation in the value of his land caused by the contamination of the air and of the water in his well due to the maintenance of a contaminated mill pond by defendants and for expenses incurred in constructing a new well.

It appears from the record that the property involved was purchased by the respondent in August, 1947, and included a house built in 1929. The property is located west of United States Highway 99 and for the most part south of the small creek known as Greenhorn Creek. The creek is usually dry during the summer but begins to flow after the first heavy

winter rains and continues to flow until it dries up in the late spring. ■ A part of. the property is riparian to this creek. The water supply for domestic purposes was furnished from a well located· upon respondent's premises at a point between the residence and Greenhorn Creek. The bottom of the creek was estimated to be approximately 6 or 7 feet below the top or ground surface of the well, and the well was at least 20 feet deep.

From the time respondent purchased the property until the time he left when he rented to Glenn and Sarah Whipple in 1950, ·the water used in the house and upon the premises contained no ·offensive odors and did not have any discoloration. At the time of respondent's purchase, appellants owned and maintained a mill pond located to the north of respondent's premises, and for several years prior to 1949 permitted waters to drain in an easterly direction across their premises to the highway and not into Greenhorn Creek. In the spring of 1949 appellants installed a pipe from the mill pond to Greenhorn Creek and caused surplus waters therefrom to drain into the creek at a point above and upstream from the well of respondent. After the first fall rain of 1950 the waters in the well became noticeably discolored and were so offensive in taste and smell that the occupants could not and did not use the same for household purposes. The smell of the water in the house and the air outside the house was very similar to the smell of the water in the pond, which depreciated the value of the property and necessitated the construction of a new well and installation of a new pump.

., The court found that the maintenance of the contaminated mill pond by the appellants and the diversion of waters therefrom into the creek had percolated, ·permeated and seeped into the well of the respondent, greatly contaminating it in addition to the air surrounding respondent's premises. The court also found that at the time the residence was built upon the respondent's land there were few, if any, industrial businesses located· in the vicinity, and that at the present time the respondent's property was still suitable for residential purposes because industrial activity does not predominate in the neighborhood.

Appellants' contentions are: "That after considering all the evidence most favorable toward respondent, it is still shown that it is a physical impossibility for the water to have gotten from the mill· pond into the well, and that the uses

made by respondent were the normal uses that would have been made in an industrial area."

Both of these contentions are so lacking in merit as to cause this appeal to border on the frivolous. The evidence not only supports the judgment of the court but clearly preponderates in favor of respondent. Issues of fact are determined in the trial court and it is difficult to understand how anyone can seriously contend that there is not ample evidence to support the judgment. It is clear that the water in respondent's well was uncontaminated until appellants began to drain water from their mill pond into Greenhorn Creek. Even if this were an industrial area, which the evidence shows it was not, appellants would not have any right to drain the water from their mill pond into Greenhorn Creek without being held responsible for the damage done to plaintiff by such action.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.